UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRENDA DEGLER; <br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*; <br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 5:18-cv-00359 |

**O P I N I O N**

Plaintiff's Request for Review, ECF No. 9—Denied
Report and Recommendation, ECF No. 15—Approved and Adopted

**Joseph F. Leeson, Jr.**                                                                            **February 25, 2019**
**United States District Judge**

**I.    INTRODUCTION**

Plaintiff Brenda Degler applied for Social Security Disability Insurance Benefits and alleged a disability during the period of time from June 20, 2014, through September 1, 2015. After an Administrative Law Judge (ALJ) of the Social Security Administration denied her application, Plaintiff filed a request for review in this Court under 42 U.S.C. § 405(g). ECF No. 9. United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation (R&R), in which she recommends that this Court deny Plaintiff's request for review. ECF No. 15. Plaintiff objected to the R&R, ECF No. 16. For the reasons discussed below, this Court adopts the R&R, concludes that the ALJ's decision is supported by substantial evidence, and affirms the decision of the Commissioner of the Social Security Administration. Plaintiff's objections are overruled.

## II. LEGAL STANDARD

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

This Court adopts Judge Sitarski's R&R in its entirety and writes separately only to address Plaintiff's objections. Plaintiff raises two objections: (1) the ALJ's multiple errors with symptom evaluation compel reversal; and (2) substantial evidence does not support the ALJ's RFC assessment. The Court notes these objections are nearly the same, word for word, as Plaintiff's objections contained in her Request for Review.

### A. The ALJ's symptom evaluation was not in error

First, Plaintiff argues that there were multiple errors with the ALJ's symptom evaluation that compel reversal. She highlights three areas where she suggests substantial evidence does not support the ALJ's evaluation of her symptoms.

As Judge Sitarski noted, however, "[t]he ALJ provided a thorough discussion of the medical evidence, and then explained and discussed the substantial evidence which supported the ALJ's determination regarding Plaintiff's subjective complaints." R&R at 19. After de novo review, the Court agrees with Judge Sitarski's conclusion that the ALJ properly discussed

2
022319

substantial evidence in the record for the period that supports her evaluation of Plaintiff's symptoms. The ALJ's discussion and explanation referenced evidence in the record that supports her evaluation of the Plaintiff's symptoms. *See* R. 16–19 (discussing the objective medical evidence).[1] Moreover, the ALJ indicated where evidence in the record of Plaintiff's complaints was rejected based on contradictory medical evidence. *See*, *e.g.*, R. 19 ("The undersigned finds the claimant's allegations are not fully consistent with the objective evidence."). As such, this Court finds no error by the ALJ, and overrules Plaintiff's objections to the ALJ's symptom evaluation.

### B. Substantial evidence supports the ALJ's RFC assessment

Plaintiff next argues that substantial evidence does not support the ALJ's RFC assessment. She contends that Judge Sitarski should have considered how an individual with Degler's level of care and treatment for the period of time from June 20, 2014, through September 1, 2015, could have sustained full-time competitive work.

As Judge Sitarski states in her R&R, this argument essentially asks the Court to reweigh the medical evidence and conclude differently from the ALJ. The United States Court of Appeals for the Third Circuit has made clear that this is not allowed. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."). Moreover, the suggestion that the ALJ's RFC assessment did not account for whether an individual with Plaintiff's level of care and treatment for that period of time could have sustained full-time competitive work ignores the ALJ's five-plus page discussion of the evidence supporting the RFC. *See* R. 15–21. This discussion includes

---

[1] Citations to specific documents in the administrative record are listed as "R. __." ECF No. 8.

references to when Plaintiff's treating doctors released her to work without restrictions and Plaintiff's activities of daily living and part time work.

Upon review of the record, this Court agrees that the ALJ's RFC is supported by substantial evidence; therefore, Judge Sitarski did not err. Plaintiff's objection is overruled.

**IV.     CONCLUSION**

After de novo review, this Court agrees with Judge Sitarski. Plaintiff's objections to the R&R are overruled and the R&R is adopted. The Request for Review is denied, and the decision of the Commissioner of the Social Security Administration is affirmed. A separate order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge